STATE V. TALAMANTE

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**STEVEN DANIEL TALAMANTE,**
**Defendant-Appellant.**

Docket No. A-1-CA-37282
COURT OF APPEALS OF NEW MEXICO
May 22, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Brett Loveless, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, William A. O'Connell, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

M. MONICA ZAMORA, Chief Judge. WE CONCUR:  LINDA M. VANZI, Judge JENNIFER L. ATTREP, Judge

**AUTHOR:** M. MONICA ZAMORA

**MEMORANDUM OPINION**

**ZAMORA, Chief Judge.**

**{1}** Defendant Steven Talamante appeals from his convictions for second degree armed robbery and fourth degree conspiracy to commit robbery. This Court issued a calendar notice proposing to affirm Defendant's convictions. Defendant has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant challenges the Victim's in-court identification, the admission of pictures taken at a gas station ATM, and the sufficiency of the evidence supporting his convictions. In this Court's calendar notice we proposed to affirm on all three issues raised. In response, Defendant continues to assert that the district court erred in allowing the in-court identification and contends our reliance on the New Mexico Supreme Court's decision in *State v. Ramirez*, 2018-NMSC-003, ¶¶ 33-35, 409 P.3d 902, is misplaced because *Ramirez* was wrongly decided. This Court, however, is bound by the decisions of our Supreme Court. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by Supreme Court precedent). To the extent Defendant asks this Court to reach a decision contrary to *Ramirez*, we are unable to do so.

**{3}** Similarly, to the extent Defendant contends that there was insufficient evidence to support his convictions because the jury gave improper weight to testimony presented at trial, it is outside the purview of this Court's appellate review to assess credibility or reweigh evidence. *See State v. Salas*, 1999-NMCA-099, ¶ 11, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{4}** Finally, to the extent Defendant contends that the district court erred in admitting pictures of Defendant in "baggy gang attire, accentuated by [Defendant's] gold chain and sideways cap" [MIO 5] as more prejudicial than probative, Defendant's argument is unavailing. Defendant relies on *State v. Torrez*, 2009-NMSC-029, 146 N.M. 331, 210 P.3d 228, to argue that evidence of gang affiliation may be unfairly prejudicial. We note, however, that in *Torrez* our Supreme Court determined that extensive expert testimony regarding gang culture and the defendant's past gang affiliation was more prejudicial than probative. *See generally id.* Given that in the instant case the evidence of proving Defendant's gang affiliation was limited to a picture depicting Defendant in baggy attire, a gold chain, and a sideways cap that was offered to show Defendant was in the area and not for purpose of gang affilation, this Court concludes that *Torrez* does not necessitate a determination that the district court abused its discretion in balancing the probative versus prejudicial value of the evidence under Rule 11-403 NMRA. *See State v. Stanley*, 2001-NMSC-037, ¶ 5, 131 N.M. 368, 37 P.3d 85 (noting that Rule 11-403 gives the trial court a great deal of discretion in admitting or excluding evidence, and that a reviewing court will only disturb the trial court's decision when there is a clear abuse of discretion).

**{5}** Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm Defendant's convictions.

**{6}** **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JENNIFER L. ATTREP, Judge**